[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11734
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cr-00066-SPM-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEREK LAMAR POPE, a.k.a. Tater,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 3, 2012)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Derek Lamar Pope, *pro se*, appeals the denial of his request to reduce his

sentence under 18 U.S.C. § 3582(c)(2) in which he argued that, pursuant to the Fair

Sentencing Act and Amendment 750, his total sentence should be reduced.  Here,

however, Pope's total sentence was based on the statutory mandatory minimum rather than on offense level calculations.  Accordingly, Amendment 750 did not alter his guideline range.  Nor does the Fair Sentencing Act provide any reason to reduce his total sentence under § 3582(c)(2).

We review a district court's denial of a defendant's § 3582(c)(2) motion to reduce sentence for an abuse of discretion.  *United States v. Mills*, 613 F.3d 1070, 1074-75 (11th Cir. 2010).

A district court may modify a term of imprisonment if a defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing commission."  18 U.S.C. § 3582(c)(2).  If that total sentence was based on something other than offense level calculations, however, a guideline amendment would not impact his total sentence, and he would be ineligible for relief under § 3582(c)(2).  *Mills*, 613 F.3d at 1076.  Specifically, if the defendant=s conduct triggered a statutory mandatory minimum, his total sentence was based on that minimum, not his guideline range. *Id.*  Thus, the district court properly denied Pope's § 3582(c)(2) motion, and we affirm.

**AFFIRMED.**